# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05cv218

| | |
|---|---|
| VELVIA R. MARTIN, Individually and as Administratrix for the Estate of VERNON CLAYTON MARTIN, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )   ORDER<br>) |
| WILLIAM PERCELL LEACOCK, JR.; and SUPER SERVICE, | )<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion to Consolidate and Motion to Remand. Plaintiff has failed to comply with Local Rule 7.2 in filing such motions, inasmuch as neither motion is supported by a memorandum of law. Rather than deny such motions for failure to comply with such rule, the court has conducted a preliminary review of the substance of such motions prior to a response being filed by defendants.

In the Motion to Consolidate, plaintiff asks this court to consolidate this federal action with an action now pending in the North Carolina General Court of Justice, Superior Court Division, for Cleveland County. While there is no doubt but that such state action involves the same automobile accident at issue in this case, there simply is no way a federal court can consolidate a federal action over which it has jurisdiction with a state court action over which it has absolutely no jurisdiction.

As to the Motion to Remand, plaintiff asks this court not to join a necessary party, but to remand this action to the courts of North Carolina so that it can be joined with a state court action involving the same accident. Apparently, plaintiff filed two actions in state court involving the same accident: one against the non-diverse defendant; and the second against

the diverse defendants.  Such pleading strategy  made it possible for the diverse defendants herein to remove this action to federal court.  A motion to remand simply is not, however, the appropriate vehicle to accomplish what plaintiff apparently seeks to do in this case, which is to consolidate all the claims stemming from the same accident into one case.  Plaintiff's goal is appropriate, but her methodology is flawed.

The appropriate motion is not one to consolidate or remand, but to join a necessary party.  The Court of Appeals for the Fourth Circuit has explained that "when a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e) . . . ." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). Section 1447(e) provides, as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e).  The question of whether to permit or deny joinder "is committed to the sound discretion of the district court." Mayes, at 462.  Factors which the court may consider include:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

Gum v. Gen. Elec. Co., 5 F.Supp.2d 412, 414  (S.D.W.Va.1998) (quotations and citations omitted).  Careful scrutiny is required

> [e]specially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.

AIDS Counseling and Testing Centers v. Group W Television Inc., 903 F.2d 1000, 1003 (4th Cir.1990).

As plaintiff may be able to discern, there are a great number of obstacles to obtaining

joinder of a non-diverse party for the purpose of defeating diversity jurisdiction. Prior to filing such a motion, counsel for plaintiff should confer with counsel for defendants herein (which is also required by the Local Rules), who have already filed defendants' joint answer, to determine whether this issue can be resolved through agreement of the parties or through a method other than a motion for joinder, such as an agreement to dismiss and to join defendants herein in the state action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Motion to Consolidate (#5) and Motion to Remand (#6) are **DENIED**.

**Signed: July 5, 2005**

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge