# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:05cv218

| | | |
|---|---|---|
| **VELVIA R. MARTIN, Individually and as** | ) | |
| **Administratrix for the Estate of VERNON** | ) | |
| **CLAYTON MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **WILLIAM PERCELL LEACOCK, JR.;** | ) | |
| **and SUPER SERVICE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Join a Party and Remand. This action was properly removed by defendants based on diversity jurisdiction. 28 U.S.C. § 1332. Such removal left another action in state court, which is an action unremovable inasmuch as it is between residents of the State of North Carolina. In the instant motion, plaintiff seeks to join in this action Meredith Cunningham, who is the defendant in such state action.

The court has closely review the pleadings of the respective parties, the Complaint, and other pleadings of record. What is clear is that the accident between plaintiff and Meredith Cunningham is inextricably intertwined with the accident that occurred between plaintiff and defendant Super Service, Inc. That is, for a finder of fact to fully appreciate what occurred the morning plaintiff's decedent was killed, it is necessary to understand why he was outside of his car and in the roadway.

Beyond concerns as to trying what appears to be one accident or a series of related accidents in one action, the court has carefully considered the possibility of inconsistent

results and the enormous costs of litigating the same accident in both federal and state court. In its Fifth Defense, defendants assert that

> the injuries and damages alleged in this case were caused solely or in part by the acts or omissions of some person other than the defendants and not by any act or omission of defendants.

Answer, at 4. Clearly, defendants herein point to the actions of Meredith Cunningham as the proximate cause of plaintiff's injury. Assuming the non-diverse defendant asserts the same defense, it is very possible that a state jury and a federal jury could find in favor of both defendants on the same defense, which would be an inequitable result. Likewise, two juries could independently reject those defenses and plaintiff would be in the position of receiving two recoveries for the same wrong. Such a result would clearly violate "the fundamental legal principle that there can be only one recovery of damages for one wrong or injury." Southern Pines Chrysler-Plymouth, Inc. v. Chrysler Corp., 826 F.2d 1360, 1365 (4th Cir. 1987).

Besides the possibility of an inequitable result for the parties, the court has further considered the impact that inconsistent decisions could have on public confidence in its system of justice.

> Duplication is to be avoided because it wastes scarce judicial resources, but the possibility of inconsistent results is far more serious, as it undermines confidence in the judicial process as a whole.

Magett v. Sheahan, 1996 WL 153887, 3 (N.D.Ill.1996).[1] Thus, the situation presented raises serious concerns as to the integrity of the judicial process. Next, the court has considered the scarcity of judicial resources. From the perspective of the federal court system, budget cuts have resulted in court staffing that is insufficient to meet the case load. Similarly, the

---

[1] Due to the limitations of electronic filing, a copy of such unpublished decision is incorporated by reference to the Westlaw citation.

undersigned takes judicial notice that the North Carolina General Court of Justice is also under tremendous financial pressure. Besides potential waste of court time, the court notes the huge burden service on a jury imposes on jurors, their families, and their employers. The court finds that it would be an extraordinary waste of the public's time and taxpayers' dollars to require two juries to hear and decide the issues fostered by the same accident.

In considering a motion to join, the Court of Appeals for the Fourth Circuit has explained that "when a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e) . . . ." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). Section 1447(e) provides, as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e). The question of whether to permit or deny joinder "is committed to the sound discretion of the district court." Mayes, at 462. Factors which the court may consider include:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

Gum v. Gen. Elec. Co., 5 F.Supp.2d 412, 414 (S.D.W.Va.1998) (quotations and citations omitted). Careful scrutiny is required

> [e]specially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.

AIDS Counseling and Testing Centers v. Group W Television Inc., 903 F.2d 1000, 1003 (4th Cir.1990).

In considering those factors this court has carefully considered the well-reasoned

arguments of counsel for defendants herein. Counsel for defendant could not have possibly made better arguments for keeping this matter in this court; however, when each factor is considered, resolution of those factors and the overriding concern for judicial efficiency and public confidence outweigh even those arguments.

After conducting a hearing via conference call, it appears that while plaintiff seeks joinder to defeat jurisdiction in this court, it appears to be for a proper purpose inasmuch failure to join Meredith Cunningham would be inequitable and could lead to an improper result. While joinder should have been sought prior to removal, it appears, after review, that plaintiff acted with no dilatory intent. Clearly, the decision to file separate lawsuits was one made in the heat of battle, on the eve of the running of the statute of limitations, and while this court has concerns as to the advisability of such call, any concerns as to improper motivation have been soundly resolved at the conference. Clearly, the potential for inconsistent results, the clear waste of federal and state judicial resources, and the potential for disturbing public confidence in the fairness of their judicial system counsels joinder and remand. As a result, the court will allow the plaintiff's motion to join Meredith Cunningham as a party defendant in this action. As a result of allowing this motion, the court will also allow the plaintiff's motion to remand this matter back to state court due to the fact that the court would not have jurisdiction in this matter and that there would be a non-diverse defendant named as a party in this matter.

One of defendants most persuasive arguments was that the action against Meredith Cunningham may not long survive after discovery is taken. If, in fact, the non-diverse defendant is dismissed after remand, defendants retain the ability under 28, United States Code, Section 1446(b), to again remove this action subject to certain limitations contained therein. Having considered all factors, the court will join Mr. Cunningham as a party

defendant to this action.[2]  With such joinder, however, complete diversity is destroyed and this matter will be remanded to the North Carolina General Court of Justice.

Finally, the undersigned will address the issue of sanctions.  Based upon the conference all, it appears that counsel for the plaintiff has in no manner violated Rule 11 of the Federal Rules of Civil Procedure and has in no manner violated the Rules of Professional Conduct.  Indeed, the court finds that counsel for the plaintiff has conducted himself in a manner that is commendable, has taken responsibility for his professional decisions, and has been candid and honest with the court and opposing counsel.

The undersigned had considered whether or not to award fees to the defendants, pursuant to 28, United States Code, Section 1447(c) which provides as follows: "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."

In the above referenced conference call, counsel for the defendants was instructed to provide the court information concerning the costs and expenses of the defendants.  The court has now received a document from the defendants entitled "Defendants' Bill of Costs and Attorneys Fees".  The court has reviewed the document with great care.  The undersigned has determined not to award fees and expenses based upon two criteria.

The documents submitted by the defendants do not contain sufficient information upon which to base an award of fees and costs.  An award of fees, pursuant to 28, United States Code, Section 1447(c) would be consistent with the awarding of fees pursuant to other fee shifting statutes such as 42, United States Code, Section 1988.  Sirotzky v New York Stock Exchange, 347 F.3d 985 (7th Cir. 2003). In this circuit, to award such fees, the court

---

[2]    Whether such joinder and amendment of the Complaint relates back to the original filing was not raised by the parties and will, therefore, not be addressed by this court. See Fed.R.Civ.P. 15(c).

must be presented with information that allows the court to consider the factors outlined in Johnson v Georgia Highway Express, Inc., 488 F.2d 4714, 4717-19 (5th Cir. 1974), which was adopted by the Fourth Circuit in Barber v Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978), and Anderson v Booth, 658 F.2d 246 (4th Cir. 1981) also see Daily v Hill, 790 F.2d 1071 (4th Cir. 1986).   The factors are as follows:

(1)     the time and labor required;
(2)     the novelty and difficulty of the questions;
(3)     the skill requisite to properly perform the legal service;
(4)     the preclusion of other employment by the attorney due to acceptance of the case;
(5)     the customary fee;
(6)     whether the fee is fixed or contingent;
(7)     time limitations imposed by the client or the circumstances;
(8)     the amount involved and the results obtained;
(9)     the experience, reputation, and ability of the attorneys;
(10)    the "undesirability" of the case;
(11)    the nature and length of the professional relationship with the client; and
(12)    awards in similar cases.

An examination of the documents presented by the defendant does not address those factors.  The undersigned, thus, cannot find sufficient facts upon which to base an award of fees and expenses.

Secondly, further research has shown to the court that awarding fees to a defendant in circumstances such as these has been discouraged by other courts.  Property Clerk v. Fyfe, 197 F.Supp. 2d 39 (S.D.N.Y. 2002) (quoting Circle Industries U.S.A., Inc. v. Parke Construction Group, Inc., 183 F.3d 105 (2nd Cir. 1999); also see Fleet National Bank v Weightman Group, 2003 W.L. 21781967 (S.D.N.Y. 2003) (unpublished).[3]   These cases reference that sanctions under 28, United States Code, Section 1447(c) are available only to the parties seeking removal.  In this case, that would be the plaintiff and not the defendants.

---

[3]     Due to the limitations of electronic filing, such decision is incorporated herein through reference to the Westlaw citation.

The undersigned initially considered that it was not beyond the plain language of the statute to consider the imposition of costs and fees against the plaintiff where, such as here, removal was necessitated by a failure of the plaintiff to join a necessary non-diverse party, but the law appears to be to the contrary to that position. As a result, the undersigned will not award fees to the defendants, pursuant to 28, United States Code, Section 1447(c).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)      The plaintiff's Motion to Join a Party and Remand (#13) is **ALLOWED**;

      (a)      Meredith Cunningham is **JOINED** as a party defendant to this action; and

      (b)      based on a lack of complete diversity, this action is **REMANDED** pursuant to 28, United States Code, Section 1447(e), to the North Carolina General Court of Justice, Superior Court Division, for Cleveland County;

(2)      This court declines to award fees or expenses, pursuant to Rule 11 of the Federal Rules of Civil Procedure; and

(3)      This court declines to award fees or expenses to the defendants, pursuant to 28 U.S.C. § 1447(c).

**THE CLERK OF THIS COURT** is respectfully instructed to withhold the execution of this Order for 10 days to allow opportunity for review prior to remand, all in accordance with 28, United States Code, Section 636(b)(1)(A) and the Standing Orders of the Western District of North Carolina. See <u>Wyatt v. Walt Disney World, Co.</u>, 5:97cv116-V (W.D.N.C.

July 26, 1999).

**Signed: October 13, 2005**

Dennis L. Howell
United States Magistrate Judge